IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELISSA VALLO, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-1964-C-BK |
| § | |
| FELICIA PITRE, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

    **I.    BACKGROUND**

On August 23, 2021, Plaintiff Melissa Vallo, a Dallas County resident, filed a *pro se* complaint against Felicia Pitre, the Dallas County District Court Clerk, and other individuals named in the complaint, stemming from a child custody dispute pending in Dallas County. Doc. 3 at 1. The complaint is difficult to decipher and largely nonsensical. She alleges *in toto*:

> DFPS caseworker – Latasha Levy, Toya Howard, Oasstta Hayes, Kamesha Hughes, Aasstta Hayes, Kamesha Hughes, Alba Ibarra, Jenifer Porter Jones, Dallas County – Freya Wright, DA Jenifer Perkins, Mary Brown of the 301st Court, Drew Teneyck, Blanca Espinosa, Brianna Cronin
>
> Civil rights violation, discriminated again my based on my race and MH (mental health)
> Basis Judsement
> DFPS unfair treatment based basis judgment

Doc. 3 at 1 (errors in the original).

In the *Civil Cover Sheet*, Vallo checks the box for "U.S. Government Defendant" as the jurisdictional basis for her complaint and "Citizen of This State" for the citizenship of both the Plaintiff and the Defendants.  Doc. 3 at 2.  Also, she checks various boxes for the nature of suit, including the one for "other civil rights."  Doc. 3 at 2.  For the cause of action, Vallo alleges "parental rights violation/civil rights violation."  Doc. 3 at 2.

Dallas County online records confirm that a suit affecting the parent-child relationship was filed on July 23, 2020, by the State of Texas against Vallo's ex-husband under case number DF-20-11247 in the 301st Judicial District Court of Dallas County, Texas.  Some of the individuals mentioned in Vallo's federal complaint are also involved in the state case.[1]

Upon review, the Court concludes that subject matter jurisdiction is lacking.  Thus, this action should be dismissed *sua sponte*.

## II.    ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between

---

[1] The online docket sheet for case number DF-20-11247 is available at https://courtsportal.dallascounty.org/DALLASPROD/?clearSession=True (last accessed Aug. 25, 2021).

parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Vallo's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Vallo has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction, since Vallo does not identify any constitutional or federal statutory violation. Her fleeting mention of civil rights violations is insufficient to invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction"); *see also Deutsche Bank Nat'l Trust v. Broussard*, No. 13-CV-1400, 2013 WL 3185919, at *2 (N.D. Tex.

June 24, 2013) (Lynn, J.) (adopting magistrate judge's dismissal recommendation because "vague references to various federal statutes . . . are insufficient to support the exercise of federal question jurisdiction").

Further, Vallo's assertion that the Defendants are located in Texas, defeats subject-matter jurisdiction on the basis of diversity. Doc. 3 at 2 (asserting in *Civil Cover Sheet* that the defendants are citizen of this state); *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). Moreover, when federal jurisdiction is lacking, the Court cannot exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). However, here, the facts as alleged by Vallo clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, Vallo's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3) ("If the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SO RECOMMENDED** on September 20, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).